**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

D.D.*, BY NEXT FRIEND*            *
*LLAKIM DUBROFF*                  *
                                 *
      Plaintiff            *
                                 *
v.                               *    Case No 8:25-cv-00048-PX
                                 *
BOARD OF EDUCATION FOR           *
MONTGOMERY COUNTY, *ET AL.*      *
                                 *
      Defendants           *

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND
EXCLUDE FROM CONSIDERTAION [SIC] DEFENDANTS [SIC]
ATTACHED EXHIBITS AND EXTRANEOUS MATERIALS
<u>SUPPORTING THEIR MOTION TO DISMISS</u>**

Defendants Jennifer L. Wallace, Mindy D. Reeves, and the Board of Education of Montgomery County ("BOE"), by and through their undersigned counsel, hereby oppose Plaintiff's Motion to Strike and Exclude from Consideration Defendants' Attached Exhibits and Extraneous Material Supporting Their Motion to Dismiss, and, for cause, state:

1.     This matter was originally filed in the Circuit Court for Montgomery County, Maryland (the "State Court") on January 22, 2024.

2.     After discovery had been completed, and after cross Motions for Summary Judgment had been filed and argued, but before the State Court had had an opportunity to rule on the Motions for Summary Judgment, Plaintiff filed this analogous matter in this Court.

3.     On February 28, 2025, within the time permitted by Order of this Court, Defendants filed a Motion to Dismiss. *See* ECF No. 13-1.

4.      Annexed to that Motion to Dismiss were 3 exhibits, including the Complaint in the parallel state court matter, the transcript of a hearing in the state court matter, and a document referenced by Plaintiff in the Complaint in the matter currently pending before this Court.

5.      With no support, Plaintiff argues that, "this court is to consider only allegations contained on face [sic] of Plaintiff's complaint." *See* ECF No. 19 at p. 1. While this may be the general rule, there are exceptions, some of which are recognized by Plaintiff in his Motion to Strike.

6.      One well recognized exception to the general rule regarding motions to dismiss is that, as recognized by Plaintiff, documents referenced or relied upon by Plaintiff in drafting his Complaint may be considered without converting the motion to one for Summary Judgment. *See e.g. Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Here, Exhibit C to Defendants' Motion to Dismiss[1] is a document referenced and relied upon by Plaintiff in his Complaint, generally in Count VI of the Complaint, and specifically at paragraph 73 thereof. Accordingly, it is proper for this Court to consider Exhibit C to Defendants' Motion to Dismiss without converting the motion to one for Summary Judgment.

7.      Another well recognized exception to the general rule regarding motions to dismiss is that state court filings in a corollary matter can be considered without converting the Motion to Dismiss into a Motion for Summary Judgment. *Witthohn v. Fed. Ins. Co*, 164 Fed. Appx. 395, 397 (4th Cir. 2006)("A district court may clearly take judicial notice of these public records…" referring to a complaint filed in a prior State Court action on the same factual allegations.); *See also, Blue Tree Hotels v. Starwood Hotels & Resorts*, 369 F.3d 212, 217 (2d Cir.2004) (stating that courts "may also look to public records, including complaints filed in state court, in deciding a

---

1 Exhibit C to the Motion to Dismiss is the Maryland Model Policy on Bullying, Harassment or Intimidation.

motion to dismiss"). Accordingly, it is proper for this Court to consider Exhibits A[2] and B[3] to Defendants' Motion to Dismiss without converting the motion into one for Summary Judgment.

8.      Because all 3 exhibits annexed to Defendants' Motion to Dismiss fit within an established exception to the general rule that the Court is only to consider the four corners of the Complaint, Plaintiff's Motion to Strike said exhibits should be denied.

**WHEREFORE**, Defendants, Jennifer L. Wallace, Mindy D. Reeves, and the Board of Education of Montgomery County (hereafter "BOE"), respectfully request that Plaintiff's Motion to Strike and Exclude from Consideration Defendants' Attached Exhibits and Extraneous Material Supporting Their Motion to Dismiss be denied.

JOHN P. MARKOVS
COUNTY ATTORNEY

_____/s/_____
Patricia Lisehora Kane, Chief
Division of Litigation
Federal Bar No. 13621
patricia.kane@montgomerycountym.gov

_____/S/ David J. Kaminow_____
David J. Kaminow
Assistant County Attorney
Federal Bar No. 12089
david.kaminow@montgomerycountymd.gov

*Attorneys for Defendants*
101 Monroe Street, Third Floor
Rockville, Maryland 20850
240-777-6700

---

2 The Complaint in the parallel state court case.
3 The transcript of the hearing on the cross Motions for Summary Judgment in the parallel state court case.

**CERTIFICATE OF SERVICE**

I HEREBY Certify that on this 31st day of March, 2025, a copy of the foregoing was sent, via the Court's electronic delivery service, to:

Latoya Francis-Williams, Esq., ID 29957
Law Office of Latoya A. Francis-Williams
P.O. Box 451
Randallstown, Maryland 21133
410-356-4691 (office); 443-548-4588 (fax)
info@lfwlaw.org

Attorney for Plaintiff

/S/ David J. Kaminow
David J. Kaminow
Assistant County Attorney
